| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#<br>DATE FILED: 12/6/2016 |
| POCHLY JEAN-BAPTISTE,<br><br>                    Petitioner,<br><br>– against –<br><br>DALE ARTUS, Superintendent,<br>Clinton Correctional Facility,<br><br>                    Respondent. | **OPINION AND ORDER**<br><br>09 Civ. 5920 (ER) (PED) |

Ramos, D.J.:

*Pro se* Petitioner Pochly Jean-Baptiste ("Jean-Baptiste" or "Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") on June 29, 2009. Doc. 2. The Honorable Kenneth M. Karas, to whom this case was previously assigned, referred the Petition to Magistrate Judge Paul E. Davison on July 10, 2009. Doc. 5. The case was reassigned to the undersigned on January 23, 2012. Doc. 20.

On June 19, 2012, Judge Davison issued a Report and Recommendation ("Report" or "R&R"), recommending that the Petition be denied in full. Doc. 22. Petitioner filed written objections to the Report on August 9, 2012.[1] Doc. 24 ("Objections"). For the reasons stated herein, the Court adopts the R&R in its entirety, and the Petition is DENIED.

## I. BACKGROUND

The factual background and procedural history relevant to the Petition are set forth in Judge Davison's Report, familiarity with which is assumed. *See* Report at 2–8.

---

[1] By Order dated July 2, 2012, the Court extended the deadline for Jean-Baptiste's written objections to August 10, 2012. Doc. 23. Although the Court did not receive the Objections until August 15, 2012, they were dated August 9, 2012, and were thus timely filed. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (finding that a *pro se* prisoner's complaint is deemed filed on the date the prisoner turns his complaint over to prison officials).

Jean-Baptiste was convicted on October 19, 2004, after a jury trial in the Supreme Court of the State of New York, Rockland County, of one count of murder in the second degree, one count of criminal possession of a weapon in the second degree, and one count of criminal possession of a weapon in the third degree, in connection with the fatal shooting of Jean LaForest.  Respondent's Affirmation in Opposition to Petition ("Ciganek Aff.") (Doc. 17) ¶¶ 4–8.  He was sentenced to an indeterminate prison term of twenty-five years to life for the murder conviction, as well as concurrent prison terms of ten and five years, respectively, for the weapons convictions.  *Id.* ¶ 4.  The Second Department of the New York State Appellate Division affirmed Petitioner's convictions and sentence on May 27, 2008.  *People v. Jean-Baptiste*, 51 A.D.3d 1037 (2d Dep't 2008).  These convictions became final on November 27, 2008, after the New York Court of Appeals denied Petitioner's request for leave to appeal.  *People v. Jean-Baptiste*, 11 N.Y.3d 737 (2008).

It is worth recounting the pretrial proceedings regarding the disqualification of Jean-Baptiste's appointed counsel, Barry Weiss, as these events inform Petitioner's habeas claims.  On May 5, 2004, at a pretrial proceeding for an unrelated case against an individual named Ali Grant, attorney Weiss informed the court that his representation of Grant presented a conflict of interest with respect to his representation of Jean-Baptiste, because Grant intended to cooperate in Jean-Baptiste's prosecution to try to secure a reduced sentence.  Ciganek Aff., Ex. C at 4–6.  The court advised Grant that this posed an "actual conflict" for Weiss that mandated Weiss's disqualification as his attorney.  *Id.* at 6–7.  Weiss then argued that he could continue to represent Jean-Baptiste if the prosecution determined that it would not actually use Grant's testimony.  *Id.* at 9–10.  The court disagreed, deeming the conflict "non-waiveable."  *Id.* at 10.  The prosecution later submitted a formal motion to disqualify Weiss from representing Jean-Baptiste, and Weiss

did not submit any opposition papers. *Id.*, Exs. B, E. During a subsequent hearing in Jean-Baptiste's case, in June 2004, the same court granted the motion and disqualified Weiss. *Id.*, Ex. E. On June 7, 2004, the court informed Petitioner on the record that Weiss had been relieved as counsel and that Anthony Dellicarri would represent him at trial. *Id.*, Ex. D at 7.

On or about June 11, 2009, Petitioner filed the instant Petition, claiming that: (1) he was deprived of his constitutional right to counsel of his choice and to be present for all material stages of the proceedings when his attorney was disqualified outside his presence; (2) an accumulation of evidentiary errors rendered his trial fundamentally unfair; and (3) the jury's verdict was against the weight of the evidence. Petition at 4; Petitioner's Supplemental Memorandum of Law in Support of the Petition ("Petitioner's Mem.") (Doc. 3).

On June 19, 2012, Judge Davison issued the Report, concluding that: (1) the trial court acted within its discretion in disqualifying Petitioner's counsel due to the existence of a conflict, and Petitioner's absence from the proceeding related to this decision thus had no relation to his opportunity to defend himself; (2) Petitioner did not exhaust his fair trial claim, and even if he had, the trial court's evidentiary rulings did not violate his due process rights; and (3) Petitioner's weight of the evidence claim is not cognizable on federal habeas review, and he failed to exhaust this claim in any event. Report at 15–33.

## II. STANDARD OF REVIEW

### A. AEDPA Review of the State Court Proceedings

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). This deference is required under the AEDPA if, as here, the petitioner's claim "was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *see Bell v. Miller*, 500 F.3d 149, 154–55 (2d Cir. 2007).

"Th[e] statutory phrase ['clearly established Federal law as established by the Supreme Court of the United States,'] refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In order for a federal court to find that the state court's application of Supreme Court precedent was unreasonable, the decision must be objectively unreasonable rather than simply incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The factual findings made by state courts are presumed to be correct under the second prong of the AEDPA, and petitioner has the burden to rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### B. Review of the Magistrate Judge's Report

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*,

573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition."  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").

### III.  PETITIONER'S OBJECTIONS

Petitioner generally objects to the Report in its "entirety," and thus asks the Court to conduct *de novo* review.  Objections at 10.  However, "[a]n objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)."  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Petitioner also asserts four specific objections to the Report.  First, Petitioner objects to Judge Davison's finding that he was not deprived of his constitutional right to be present at every material stage of his criminal proceedings.  Objections at 2–5.  Second, Petitioner objects to Judge Davison's findings as to his fair trial claim.  *Id.* at 6–8.  Third, Petitioner makes a similar objection with respect to his weight of the evidence claim.  *Id.* at 9.  Fourth, Petitioner claims that Judge Davison incorrectly determined that his sentence was not excessive, which is a claim not originally included in the Petition.  *Id.* at 10.

Petitioner did not raise any objections to the portion of Judge Davison's Report addressing the violation of his alleged right to counsel of his choice.  After carefully reviewing that portion of the Report, the Court finds no error, clear or otherwise.  Accordingly, the Court

adopts Judge Davison's recommendation to dismiss this claim for the reasons stated in the Report.  *See* Report at 15–16.

### A. Right to be Present Claim

Jean-Baptiste claims that because he was not present when the court disqualified his originally appointed trial counsel, he was deprived of his constitutional right to be present at every critical and material stage of his trial.  Objections at 2.  Petitioner argues that Judge Davison misapplied Supreme Court precedent, namely *Snyder v. Massachusetts*, 291 U.S. 97 (1934), in rejecting this claim.  Objections at 2–3.  Given the specificity of the objection, the Court will review this claim *de novo*.  28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).

Jean-Baptiste fairly presented his right to be present claim to the State courts.  *See* Ciganek Aff., Exs. O, P, Q.  Moreover, the state courts adjudicated this claim on the merits, concluding that Jean-Baptiste's presence was not required during the disqualification proceeding because Weiss' "continued representation of [him] would present a clear conflict of interest" and the outcome of the proceeding would not have been materially affected by his presence.  *People v. Jean-Baptiste*, 51 A.D.3d at 1037–38.  AEDPA thus obligates the Court to assess the merits of Petitioner's claim under a deferential standard of review, where habeas petitions cannot be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1).

As Judge Davison properly concluded, the state court's decision on this claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law.  The

Supreme Court requires that a defendant be "guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome" where "a fair and just hearing would be thwarted by his absence, *and to that extent only.*" *Contreras v. Artus*, 778 F.3d 97, 113 (2d Cir. 2015) (emphasis added) (citing *Snyder*, 291 U.S. at 107-08); *see also United States v. Jones*, 381 F. 3d 114, 121 (2d Cir. 2004); *Cohen v. Senkowski*, 290 F. 3d 485 (2d Cir. 2002) (finding that the right to be present is not absolute and only triggered when the defendant's presence substantially relates to the opportunity to defend against the charge). Defendant's right is not guaranteed "when presence would be useless, or the benefit but a shadow." *Snyder*, 291 U.S. at 106–07.

The state court reasonably applied the law in finding that Petitioner's right to be present was not violated in this case. "When a lawyer's conflict, actual or potential, may result in inadequate representation of a defendant or jeopardize the deferral court's institutional interest in the rendition of a just verdict, a trial judge has discretion to disqualify an attorney or decline a proffer of waiver." *U.S. v. Fulton*, 5 F.3d 605, 612 (2d Cir. 1993); *see also Wheat v. United States*, 486 U.S. 153, 162–63 (1988). Here, the trial court had discretion to disqualify Weiss because his representation of both Petitioner and Grant posed an actual conflict, given Grant's intention to testify against Petitioner.[2] Moreover, Petitioner does not explain how his presence would have changed the outcome.[3] It was thus reasonable for the state court to conclude that Petitioner's presence was not required when Weiss was disqualified.

Two cases concerning a criminal defendant's right to be present highlight the reasonableness of the state court's determination. In *Black v. Goord*, a sister court in this Circuit determined that a defendant's absence from "a sidebar discussion regarding whether the public

---

[2] Petitioner argues that because Grant ultimately never testified, Weiss would have been permitted to continue representing him. Objections at 5. However, the *possibility* of Grant's testimony gave the trial court discretion to disqualify Weiss, whether or not Grant actually testified. *See* Ciganek Aff., Ex. E, Ex. C at 6–7, 9–10.

[3] Petitioner did not object to Anthony Dellicarri's representation of him at trial and does not now call into question Dellicarri's competency as his attorney. Report at 4–5 (citing June 7, 2004 Transcript).

defender's office had a conflict of interest due to its representation of the inmate's cousin" did not violate the inmate's constitutional right to be present, because the inmate's absence "did not in any way frustrate the fairness of the proceedings."  419 F. Supp. 2d 365, 374 (W.D.N.Y. 2006).  Similarly, in *People v. King*, the Second Department concluded that a defendant's right to be present was not violated when his counsel was dismissed outside his presence due to a conflict.  248 A.D.2d 639 (2d Dep't 1998).  Because the conflict stemmed from defense counsel's former representation of a prosecution witness, the court concluded that defendant's presence "would not have affected the outcome."  *Id.* at 640.

As Judge Davison correctly determined, the state court's determination that Petitioner was not deprived of his right to be present was neither contrary to, nor involved an unreasonable application of, clearly established federal law.  Accordingly, Petitioner's claim must be denied.

### B. Fair Trial Claim

Petitioner argues that cumulative errors "so impacted the fairness of [his] trial, and undermined the jury's determination of guilt, that due process was clearly violated."  Objections at 8.  This objection merely reiterates facts and arguments that were presented to, and considered by, Judge Davison, *see, e.g.*, Petitioner's Mem. at 9–25, and therefore this objection does not warrant *de novo* review of the Report.  *See Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").  The Court has carefully reviewed Judge Davison's Report relating to Petitioner's fair trial claim and finds no error, clear or otherwise.  As such, the Court adopts Judge Davison's recommendation that Petitioner's fair trial claim be dismissed for the reasons stated in the Report.  *See* Report at 18–31.

### C. Weight of the Evidence Claim

Petitioner argues that the evidence at his trial was insufficient to establish his guilt. Objections at 9. As with his fair trial claim, this objection simply reiterates facts and arguments that were presented to, and considered by, Judge Davison. *See, e.g.*, Petitioner's Mem. at 25–32. Accordingly, this objection also does not warrant *de novo* review. Having carefully reviewed Judge Davison's Report relating to Petitioner's weight of the evidence claim, the Court finds no error, clear or otherwise. The Court therefore adopts Judge Davison's recommendation that Petitioner's weight of the evidence claim be dismissed for the reasons stated in the Report. *See* Report at 31–33.

### D. Excessive Sentence Claim

Petitioner objects to Judge Davison's alleged "determination" that his sentence was not excessive. Objections at 10. However, Judge Davison had no occasion to make such a determination, as Petitioner never raised this claim in his Petition.[4] The Second Circuit has not indicated whether a district court can consider a claim raised for the first time through objections to an R&R. *See Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *6 (S.D.N.Y. Aug. 25, 2011). The weight of authority in this district indicates that the Court cannot review such a claim. *See, e.g.*, *Read v. Thompson*, No. 13 Civ. 6962 (KMK) (PED), 2016 WL 165716, at *11 (S.D.N.Y. Jan. 13, 2016) (noting that the Court may not consider claims raised for the first time in a petitioner's objections); *Davis v. Herbert*, No. 00 Civ. 6691 (RJS) (DFE), 2008 WL 495316, at *1 (S.D.N.Y. Feb. 25, 2008) ("[U]pon review of a habeas petitioner's objections to a magistrate judge's report and recommendation, the Court may not consider claims raised for the first time in the petitioner's objections—that is, claims not asserted in the

---

[4] In the Report, Judge Davison merely noted that on direct appeal, the Appellate Division found that Petitioner's sentence was not excessive. Report at 7 (quoting *People v. Jean-Baptiste*, 51 A.D.3d at 1038).

petitioner's original and/or supplemental habeas petitions.") (collecting cases).  Some of our sister courts in this Circuit, however, have found that courts have discretion to consider legal arguments raised for the first time through objections.  *See, e.g.*, *Machicote*, 2011 WL 3809920, at *6–7; *Wells Fargo Bank N.A. v. Sinnott*, No. 07 Civ. 169 (CR), 2010 WL 297830, at *2 (D. Vt. Jan. 19, 2010).

Even if the Court were to consider Petitioner's excessive sentence claim, this claim is not cognizable on *habeas* review.  Jean-Baptiste expressly disclaimed any request that the Court of Appeals review his sentence in his request for leave to appeal the Appellate Division's decision affirming his conviction.  Ciganek Aff., Ex. O at 5 ("The remaining issues presented to the Appellate Division were questions of fact (weight of the evidence and excessive sentence) and thus are not included in this application.").  Accordingly, Petitioner failed to exhaust this claim.  *Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201 (2d Cir. 2010) ("In order to satisfy this requirement [exhausting available state remedies], the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.") (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).

Petitioner is now unable to raise his excessive sentence claim in state court through a collateral motion.  Petitioner had the opportunity to raise his excessive sentence claim on direct appeal, so a motion under N.Y. C.P.L. § 440.10 is not available to him, and the Second Department decided the merits of this claim, foreclosing relief under N.Y. C.P.L. § 440.20 as well.  *See People v. Jean-Baptiste*, 51 A.D.3d at 1038 ("The sentence imposed was not excessive.") (citation omitted).  Accordingly, the 'unexhausted' excessive sentence claim is now "deemed exhausted" and procedurally defaulted because there is no further available state

10

remedy available to Petitioner. *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir. 1991); 28 U.S.C. § 2254(b)(1)(B). This precludes the Court from reviewing the claim unless Petitioner can demonstrate "cause and prejudice" for the default or that failure to consider the claim will result in "a fundamental miscarriage of justice." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). Because Petitioner has not attempted such a showing, the Court will not review his excessive sentence claim.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts Judge Davison's R&R in its entirety and Jean-Baptiste's petition for a writ of habeas corpus is DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g., Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court is respectfully directed to close this case.

It is SO ORDERED.

Dated:    December 6, 2016
           New York, New York

                                              Edgardo Ramos, U.S.D.J.